UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

LUIS BIDO,

                                       Plaintiff,

                  -against-

CITY OF NEW YORK; POLICE OFFICER CHRISTIAN
SALAZAR (Shield # 22478); JOHN DOE OFFICERS #1-5,

                                  Defendants.

-------------------------------------------------------------------- x

**COMPLAINT AND
JURY DEMAND**

**Docket No.**

        Plaintiff Luis Bido by his attorneys, Stoll, Glickman & Bellina, LLP, for his Complaint

alleges as follows:

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. § 1983 for

the violation of his Fourth and Fourteenth Amendment rights, in addition to violations of the

laws and Constitution of the State of New York.

2.    The claim arises from a November 1, 2015 incident in which New York City Police

Department ("NYPD") officers of the 75th Precinct, acting under color of state law, falsely

arrested Mr. Bido and used excessive force against him.

3.    Plaintiff seeks monetary damages (special, compensatory, and punitive) against

Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as

the Court deems just and proper.

## JURISDICTION & VENUE

4.    This action arises under the Fourth and Fourteenth Amendments to the United States

Constitution and under 42 U.S.C. §§ 1983 and 1988 and the laws and Constitution of the State of

New York.

5.     The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3)-(4), 1367(a), and the doctrine of pendent jurisdiction.

6.     Venue is laid within the Eastern District of New York in that Defendant City of New York is located within the boundaries of the Eastern District, and a substantial part of the events giving rise to the claim occurred in Kings County.

## PARTIES

7.     Plaintiff LUIS BIDO is a resident of Kings County in New York State.

8.     The CITY OF NEW YORK ("City") is a municipal corporation organized under the laws of the State of New York.  At all times relevant hereto, Defendant City, acting through the NYPD, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention, and conduct of all NYPD personnel.  In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

9.     Defendant Officer CHRISTIAN SALAZAR was at all times here relevant a police officer of the NYPD, and as such was acting in the capacity of an agent, servant, and employee of the City of New York.  On information and belief, at all times relevant hereto, Officer Salazar was involved in the decision to arrest Plaintiff without probable cause and used excessive force in arresting Plaintiff, or failed to intervene in the actions of his fellow officers when he observed them arresting Plaintiff without probable cause and using excessive force against Plaintiff. Officer Salazar is sued in his individual capacity.

10.    Defendant JOHN DOE OFFICERS #1-5, whose true names are currently unknown to

2

Plaintiff, were at all times here relevant police officers of the NYPD, and as such were acting in the capacities of agents, servants, and employees of the City of New York.  On information and belief, at all times relevant hereto, the John Doe Officers were involved in the decision to arrest Plaintiff without probable cause and used excessive force against him, or failed to intervene in the actions of their fellow officers when they observed them arresting Plaintiff without probable cause and using excessive force against him.  The John Doe Officers are sued in their individual capacities.

11.    At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

12.    Within 90 days of the events giving rise to this claim, Plaintiff filed a written Notice of Claim with the New York City Office of the Comptroller.  Over 30 days have elapsed since the filing of the Notice, and this matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

13.    On November 1, 2015, at approximately 1:00 A.M. Plaintiff Luis Bido was driving to his home in Brooklyn.  He parked his car near the corner of Grant Avenue and Fulton Avenue.

14.    After Mr. Bido parked, he realized a prescription pill bottle had fallen to the floor of the car, by the front passenger seat.

15.    Mr. Bido got out of the car, walked around to the front passenger seat, opened the door, and leaned over to look for the pill bottle.

16.    Plaintiff was not violating any laws and had not committed a crime.

17.    As Plaintiff was searching his car, two uniformed NYPD police officer approached

Plaintiff and asked for his license.  Upon information and belief, one of the officers who approached was Defendant Christian Salazar.  The other officer's name is unknown to Plaintiff.

18.    Mr. Bido asked why the officers wanted to see his license.  One of the officers accused Plaintiff of urinating in public.

19.    Plaintiff, offended by the false accusation, denied urinating but nonetheless complied with the officer's order by providing his license.  The officers then issued Plaintiff a summons, which Plaintiff tossed aside.

20.    Mr. Bido turned around to return to his car.

21.    Suddenly, one of the officers grabbed Plaintiff from behind.  Another officer struck Plaintiff on the head.  The officers forcibly dragged him to the ground, and struck him repeatedly.  Plaintiff begged the officers to stop.

22.    At some point during the incident, additional NYPD officers arrived and assisted their fellow officers in assaulting and battering Mr. Bido.

23.    Eventually, Plaintiff was handcuffed and taken to the 75th Precinct, where he asked for medical attention.  Upon information and belief, Plaintiff was coughing up blood, his face was bleeding, and had pain throughout his body.

24.    Plaintiff was taken by ambulance to Brookdale Hospital, where he was treated for multiple injuries.

25.    Mr. Bido was then taken to Brooklyn Central Booking.

26.    Defendant officers misrepresented to the Bronx County District Attorney's Office that Plaintiff had committed the offenses of Obstructing Governmental Administration, Resisting Arrest, Disorderly Conduct, and Harassment.

27.    Mr. Bido was arraigned in Kings County Criminal Court, where he received an

Adjournment in Contemplation of Dismissal.  All charges have been dismissed and sealed.

28.    Upon information and belief, the summons that Mr. Bido was issued was dismissed.

29.    At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate Plaintiff's rights.  The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events.  They failed to intervene in the obviously illegal actions of their fellow officers against Plaintiff.

30.    During all of the events above described, Defendants acted maliciously and with intent to injure Plaintiff.

## **DAMAGES**

31.    As a direct and proximate result of the acts of defendants, Plaintiff suffered the following injuries and damages:

   a.   Violation of his rights pursuant to the Fourth Amendment of the United States Constitution to be free from an unreasonable search and seizure of their persons;

   b.   Violation of his rights pursuant to the Fourteenth Amendment of the United States Constitution to due process;

   c.   Violation of his New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

   d.   Violation of his New York State Constitutional rights under Article 1, Section 6 to due process;

   e.   Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

   f.   Loss of liberty; and

   g.   Physical pain and suffering.

## FIRST CAUSE OF ACTION
42 U.S.C. § 1983
FALSE ARREST

32.    The above paragraphs are here incorporated by reference.

33.    The officer defendants wrongfully, unjustifiably, and illegally apprehended, arrested, detained, and imprisoned Plaintiff, and failed to intervene in each other's obviously illegal actions.

34.    The wrongful arrest was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

35.    All of this occurred without any illegal conduct by Plaintiff.

36.    Defendants' conduct deprived Plaintiff of his rights under the Fourth and Fourteenth Amendment to the United States Constitution.  Defendants are liable to Plaintiff under 42 U.S.C. § 1983.

37.    Plaintiff has been damaged as a result of Defendants' wrongful acts.

## SECOND CAUSE OF ACTION
42 U.S.C. § 1983
USE OF EXCESSIVE FORCE

38.    The above paragraphs are here incorporated by reference.

39.    By grabbling Plaintiff, striking him repeatedly, and dragging him to the ground, Defendants used excessive force against Plaintiff, and failed to intervene in each other's obviously illegal actions.

40.    Defendants' conduct deprived Plaintiff of his right to due process of law, pursuant to the Fourth and Fourteenth Amendment to the United States Constitution.  Defendants are liable to Plaintiff under 42 U.S.C. § 1983.

41.    Plaintiff has been damaged as a result of Defendants' wrongful acts.

## THIRD CAUSE OF ACTION
### FALSE ARREST & FALSE IMPRISONMENT

42.    The above paragraphs are here incorporated by reference.

43.    Defendants, their officers, agents, servants and employees, subjected Plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

44.    Defendants intended to confine Plaintiff, Plaintiff was conscious of his confinement, and did not consent to his confinement.

45.    All charges against Plaintiff were dismissed.

46.    As a direct and proximate result of the misconduct and the abuse of authority detailed above, Plaintiff sustained the damages described above.

## FOURTH CAUSE OF ACTION
### ASSAULT & BATTERY

47.    The above paragraphs are here incorporated by reference.

48.    By seizing, forcibly grabbing, striking, and handcuffing Plaintiff, Defendants made Plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and offensive touching.

49.    Defendants engaged in and subjected Plaintiff to immediate harmful and offensive touching and battered him without his consent.

50.    Defendants, their officers, agents, servants and employees, were responsible for Plaintiff's arrest, detention, and imprisonment during this period of time.

51.    As a direct and proximate result of the misconduct and the abuse of authority detailed above, Plaintiff sustained the damages described above.

## FIFTH CAUSE OF ACTION
RESPONDEAT SUPERIOR

52.    The above paragraphs are here incorporated by reference.

53.    Defendants' tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

54.    As a result of Defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against the defendants, jointly and severally, as follows:

A.    In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

B.    Awarding Plaintiff punitive damages in an amount to be determined by a jury;

C.    Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D.    Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:        May 27, 2016
             Brooklyn, New York

                                        Respectfully submitted,

                                        STOLL, GLICKMAN & BELLINA, LLP

TO:      City of New York
         100 Church Street
         New York, NY 10007              Amy E. Robinson, Esq.
                                         475 Atlantic Ave, 3rd floor
         Officer Christian Salazar       Brooklyn, NY  11217
         75th Precinct                   (718) 852-3710
         1000 Sutter Avenue              arobinson@stollglickman.com
         Brooklyn, NY, 11208             *Attorneys for Plaintiff*

8